```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
FREDERICK STEPHENS,                                           :
                                    Plaintiff,                :
                                                              :     16 Civ. 7133 (LGS)
                -against-                                     :
                                                              :     **OPINION AND ORDER**
WARDEN WILLIAM BARNES, et al.,                                :
                                    Defendants.               :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Frederick Stephens sues Defendants City of New York (the "City"), Warden William Barnes, Captain Ramos and Officer McCall under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from his being held for approximately twenty-seven hours on a Department of Corrections ("DOC") transport bus, handcuffed to another inmate, while being transferred from the Manhattan Detention Complex to Rikers Island. Defendants move for summary judgment under Federal Rule of Civil Procedure 56.[1] Defendants' motion is granted.

## I. BACKGROUND

The following facts are taken from the materials filed in connection with this motion and, as required on this motion, are viewed in the light most favorable to Plaintiff, the non-moving party. *See Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 71–72 (2d Cir. 2016).

From approximately 6:30 p.m. on August 8, 2016, to approximately 8:00 p.m. on August 9, 2016, Plaintiff was detained on a DOC transport van, shackled and handcuffed to another

---

[1] Pro se Plaintiff failed to file any opposition to Defendants' motion for summary judgment, despite the Court's explaining the consequences of failing to oppose the motion at a conference held on July 25, 2017, and extending pro se Plaintiff's deadline to oppose the motion by three weeks on August 25, 2017.

inmate and denied food, water and bathroom access. Because of the manner in which Plaintiff was shackled and handcuffed, Plaintiff suffered significant neck, back, and wrist pain.

Plaintiff did not receive medical attention for his injuries until August 13, 2016. A nurse at Rikers Island prescribed Plaintiff ibuprofen and a muscle relaxant, which caused him to break out in hives. Plaintiff was brought back to the medical ward that day and was given Benadryl, which reduced his hives. Plaintiff's face was puffy for about a week.

On October 6, 2016, Plaintiff signed a Notice of Claim that was filed with the Office of the New York City Comptroller in connection with a previous, unrelated incident when Plaintiff was injured from eating contaminated food while in DOC custody. On January 27, 2017, Plaintiff, after consulting with his attorney, entered into a settlement agreement with the City whereby Plaintiff received $2,000 in exchange for his signing a "General Release." The General Release states, in relevant part, that Plaintiff,

> FREDERICK STEPHENS . . . as "RELEASOR", . . . having received independent legal advice in this matter . . . hereby voluntarily, knowingly, and willingly releases and forever discharges the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees and representatives of the City of New York, and all other individually named defendants and/or entities represented and/or indemnified by the City of New York, collectively the "RELEASEES", from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, administrative proceedings . . . which RELEASOR . . . had, now has or hereafter can, shall, or may have . . . against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE.

The General Release is notarized and dated January 27, 2017.

When Plaintiff was deposed in connection with the present lawsuit, he was shown the General Release and stated that he did not remember it. But when asked whether the General Release "[w]ould . . . have been one of those documents" that Plaintiff's attorney gave him when he settled his earlier claim against the City, Plaintiff testified: "I remember the documents with

2

this type of format. That is my signature, I could very well have signed this but I don't remember this document at all."

On or around April 20, 2017, Plaintiff received a check from the City pursuant to the parties' settlement.

## II. STANDARD

Summary judgment is appropriate where the record before the court establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *See id.* at 255. "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original and internal quotation marks omitted).

Where, as here, a non-moving party fails to oppose a summary judgment motion, then "summary judgment, *if appropriate*, shall be entered against him." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)) (emphasis in original and internal quotation marks omitted); *accord Gachette v. Metro N.-High Bridge*, 598 F. App'x 803, 804 (2d Cir. 2015) (summary order). The Second Circuit "has made clear, however, that where the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no

material issue of fact remains for trial." *Id.* (internal quotation marks omitted); *accord Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014) ("Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed."). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Gachette*, 598 F. App'x at 804 (emphasis in original).

## III. DISCUSSION

Defendants' motion for summary judgment is granted because no reasonable juror could conclude that the Complaint's claims under § 1983 for alleged violations of Plaintiff's constitutional rights are not barred by the General Release.

"It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law."[2] *Tromp v. City of New York*, 465 F. App'x 50, 51 (2d Cir. 2012) (summary order) (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002)); *accord Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) ("A settlement agreement is a contract that is interpreted according to general principles of contract law."). "While it is clear that federal law governs the validity of releases [in] federal causes of action, . . . [courts] look to state law to provide the content of federal law." *Olin Corp. v. Consol.*

---

[2] New York law applies to the issues regarding the General Release as it was signed in New York and concerns events that took place in New York. Federal courts apply the choice of law rules of the state in which they are located. *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 641 (2d Cir. 2016) ("A federal court sitting in diversity . . . must apply the choice of law rules of the forum state."). Under New York choice of law principles, "the law of the place which has the most significant contacts with the matter in dispute" applies, which contacts in the case of a contract include the place of contracting, the location of the subject matter of the contract and the domicile of the contracting parties. *Md. Cas. Co. v Cont'l Cas. Co.*, 332 F.3d 145, 151-52 (2d Cir. 2003) (citing *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309, 317 (1994)).

4

*Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993) (internal citations omitted); *accord Fernandez v. City of New York*, 502 F. App'x 48, 50 (2d Cir. 2012) (summary order). Under New York law, "[w]here the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Tromp*, 465 F. App'x at 51 (applying New York law, citing *Shklovskiy v. Khan*, 709 N.Y.S.2d 208, 209 (2d Dep't 2000)). "[W]hen general language is used in the releasing document, the release is to be construed most strongly against the releaser." *Id.* at 52 (alteration in original).

There is no genuine dispute of material fact as to whether Plaintiff signed the General Release. First, the General Release is notarized, which creates a rebuttable presumption that the signature is genuine. *Estaba v. Estaba*, 12 N.Y.S.3d 50, 50 (1st Dep't 2015). Although Plaintiff testified at his deposition that he did not remember the General Release, he also confirmed that his signature appears on the last page of the General Release. When asked whether the General Release "[w]ould have been one of those documents" that Plaintiff's attorney gave him when he settled his earlier claim against the City of New York, Plaintiff testified: "I remember the documents with this type of format. That is my signature, I could very well have signed this but I don't remember this document at all." Because the General Release is notarized, and Plaintiff confirmed the authenticity of the signature on the document, no reasonable factfinder could conclude that Plaintiff did not sign the General Release.

Second, the General Release, by its clear and unambiguous terms, precludes the claims in this lawsuit. The General Release states, in relevant part,

> FREDERICK STEPHENS . . . having received independent legal advice in this matter . . . hereby voluntarily, knowingly, and willingly releases and forever discharges the City of New York, and all past and present officials . . . from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims . . . which [FREDERICK STEPHENS] . . . had, now has or hereafter can, shall, or may have . . . that occurred through the date of this RELEASE.

5

The parties' agreement unequivocally bars Plaintiff from suing Defendants, all of whom are New York City officials, under § 1983 for alleged violations of his constitutional rights that occurred before January 27, 2017, the date that the General Release was signed. The events underlying the Complaint's § 1983 claims occurred in August 2016. Based on the clear and unambiguous language of the General Release, summary judgment is granted. *See, e.g.*, *Dinkins v. Decoteau*, No. 15 Civ. 8914, 2016 WL 3637169, at *3 (S.D.N.Y. June 29, 2016) (granting summary judgment as to the plaintiff's § 1983 claims where the plaintiff signed an unambiguous general release in connection with two previously settled lawsuits, and the claims asserted fell within the scope of the general release); *Staples v. Officer Acolatza*, No. 14 Civ. 3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (same and collecting cases).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and the case is DISMISSED. The Clerk of Court is directed to close the motion at Docket. No. 27, mail a copy of this Order to pro se Plaintiff and close the case.

Dated: January 25, 2018
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE